**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JEFFREY J. QUELET | : |
| | : |
| v. | : Civil No. CCB-12-1876 |
| | : |
| | : |
| VERNON PRESTON *et al.* | : |
| | : |

## **MEMORANDUM**

Plaintiff Jeffrey Quelet has brought this medical malpractice action against the defendants for treatment he received following injuries from an automobile accident. The defendants filed various motions to dismiss for lack of personal jurisdiction. (*See* ECF Nos. 17, 21, 23, 26.) Quelet responded by consenting to a transfer to the Middle District of Pennsylvania, (ECF No. 29), a district in which the defendants admit they are subject to personal jurisdiction. Subsequently, defendant Hanover Rehabilitation Center filed a reply insisting that the case be dismissed and that transfer would be improper. (ECF No. 30.)

Under 28 U.S.C. § 1406(a), the court will order the transfer of this case to the Middle District of Pennsylvania. Accepting the defendants' contention that this court lacks personal jurisdiction, transfer is not improper because § 1406(a) has long been interpreted as a means to cure impediments, including lack of personal jurisdiction, that would prevent an action from going forward in the district where it was originally brought. *In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255-56 (4th Cir. 2002) (citing *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988) ("[W]e adopt as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district

but would not be an impediment in the transferee district.")); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962). Section 1406(a) provides that a district court may, "in the interest of justice, transfer such case to any district or division in which it could have been brought." The Middle District of Pennsylvania is the proper venue for transfer because it is where all of the defendants are located. *See* 28 U.S.C. § 1391(b)(1). Transfer will better further the interests of justice than the delay that would be necessitated by dismissal.

    A separate order follows.

| | |
|---|---|
|    9/24/12    |    /s/    |
| Date | Catherine C. Blake |
| | United States District Judge |